# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Gwen Dewall,

                Plaintiff,                **ORDER**

v.                                              Civil No. 15-1954 ADM/HB

American Family Mutual Insurance Company,

                Defendant.

_____

Edward E. Beckmann, Esq., Hellmuth & Johnson PLLC, Edina, MN, on behalf of Plaintiff.

Mark K. Hellie, Esq., American Family Insurance, Eden Prairie, MN, on behalf of Defendants.

_____

      On September 22, 2015, the undersigned United States District Judge heard oral argument on Plaintiff Gwen Dewall's ("Dewall") Motion for Partial Summary Judgment [Docket No. 14]. Dewall has a home owner's insurance policy with Defendant American Family Mutual Insurance Company ("American Family").  Dewall suffered water damage in her house she contends is from a burst pipe, a rapid event that is covered under the Policy.  Compl. [Docket No. 1-1] ¶¶ 3–4. American Family contends there is no coverage under its policy because the damage was due to dripping and leaking over time.

      Dewall wants the Court to order that her claim be sent to the appraisal process to determine amount of the loss as envisioned in her policy.  American Family disagrees that the Policy's appraisal clause is triggered because the parties disagree on causation of the water damage as well as the loss amount.

      As expressed at the hearing, this dispute is ripe for appraisal.  In <u>Quade v. Secura Insurance</u>, 814 N.W.2d 703, 706 (Minn. 2012), the Minnesota Supreme Court held that an appraisal clause "necessarily includes a determination of the cause of the loss, and the amount it

would cost to repair that loss." Like the damaged roof at issue in Quade, the source of the water damage in Dewall's home, whether from a sudden event or leaking over time, is within the scope of the appraiser's authority. In order to gain the benefit of the appraisal process, the parties must carefully word the charge to focus the appraisers on the appropriate issues. If the parties dispute the result of the appraisal, "the decision of the appraisers will be subject to review by the district court." Id. at 708.

Based upon the foregoing, and all the files, records, and for the reasons stated on the record at the conclusion of oral argument, **IT IS HEREBY ORDERED** that Plaintiff Gwen Dewall's Motion for Partial Summary Judgment [Docket No. 14] is **GRANTED**. The parties are ordered to submit Dewall's claim to appraisal as directed under the Policy.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 29, 2015.